## LEONARD R. FOSTER *v.* CALVIN FOSTER, AND D. F. FREEMAN, GUARDIAN.

### [IN CHANCERY.]

*Equity Pleading. Answer in Support of Plea. Statute of Limitations. Waiver.*

A bill for foreclosure alleged a mortgage on which, *prima facie*, the Statute of Limitations had run, but alleged payments and other matters, which, if proved, would remove the statute bar. Defendants pleaded that the cause of action did not accrue within fifteen years, without denying the allegation of payments, &c., but supported the plea with an answer in which those matters were denied. *Held*, that the plea should have denied all the allegations of those matters, and that it admitted what it did not deny, and was therefore insufficient, and that its insufficiency was not cured by the denials of the answer.

The plea having been overruled, defendants were permitted so to amend their answer as to rely on the statute, and the orator traversed the answer and took testimony. *Held*, that defendants having litigated the question by plea, were not at liberty to

Foster *v.* Foster et al.

litigate it again by answer ; and that the orator had the right to traverse the answer and take testimony in support of the allegations of the bill, and so to defeat the plea on the proof as well as by its own concessions, and did not waive the effect of the adjudication on the plea by so traversing.

APPEAL from the Court of Chancery.

The bill alleged that on January 1, 1856, the defendant Calvin and his wife Susan, who afterwards died, executed to the orator a mortgage of certain land in Moretown, to secure, among other things, the payment of certain notes that said Calvin had before then executed to the orator, on which the sum of $686.16 was then due ; that, on March 15, 1862, to further secure said debt, to secure additional then existing indebtedness, and also to secure future advances, said Calvin executed to the orator a quit-claim deed of the same premises ; that advances were thereafter made by the orator to the said Calvin by way of money, goods and chattels, &c., which were charged to said Calvin on the orator's books ; that during each year after the execution of said deed, payments were made to the orator by the said Calvin, which were by the orator applied to the credit of said Calvin on said books ; that in August, 1867, the amount then due to the orator exceeding the sum of $3,000, the orator, by consent of said Calvin, sold and conveyed a portion of the mortgaged premises for the sum of $1,600, which the orator and said Calvin then understood should be applied on the mortgage ; and that the defendant D. F. Freeman had been appointed guardian of said Calvin. *Prayer*, for foreclosure of the defendant Calvin's equity of redemption.

The defendants pleaded that the cause of action did not accrue within fifteen years,—the plea merely setting up the statute, without negating the special matter alleged in the bill. They also answered, setting up the statute, and making the plea a part of the answer, and denying that the quit-claim deed was executed and delivered as further security for the original mortgage debt, that there was any understanding to that effect between the orator and said Calvin at the time of the execution and delivery thereof, and that it was understood that the said sum of $1,600 or any part thereof should be applied on said mortgage debt. The answer also attempted to set up certain homestead rights.

28

The case was heard on the bill and plea, and the court, RED-FIELD, Chancellor, adjudged the plea insufficient, for that it did not deny the allegations in the bill of those matters that operated to remove the statute bar.

The defendants were thereupon permitted to amend their answer so as thereby to rely on the Statute of Limitations, the same as though they "had sufficiently pleaded the same." The orator excepted to the amended answer for that the defendants had pleaded the statute before making the answer.

The answer was traversed and testimony taken, and the case came to hearing on bill, answer, other pleadings and testimony, at the March Term, 1878, Washington County, when the same court, without hearing the testimony, dismissed the bill, *pro forma*, with costs.

Appeal by the orator.

*Dillingham & Son* and *E. F. Palmer*, for the orator.

The plea was bad. The allegations of special matter removing the statute bar should have been negatived. Mitf. Ch. Pl. 302, 312, 314 ; 2 Dan. Ch. Pract. 748 ; Story Eq. Pl. 673, 678, 680, 754 ; Hare Discovery, 30, 32. Besides, it merely covered ground for demurrer. Mitf. Ch. Pl. 346 ; Story Eq. Pl. s. 660.

The defendants could not make in their amended answer the same defence that they had already made in their plea. The issue is formed on the plea. The answer is merely subsidiary. The plea having fallen, the answer must be considered to have gone with it. The defendants were thus driven to make a new defence. Mitf. Ch. Pl. 16, 17, 321, 356 ; Story Eq. Pl. 670, 671, 673 ; 2 Dan. Ch. Pract. 710, 802 ; Gresley Eq. Ev. 22, 236 ; Hare Discovery, 20, 25, 26, 31.

There was such a recognition of the mortgage as would remove the statute bar.

*Heath & Carleton* and *J. A. Wing*, for the defendants.

The plea and the amended answer should be taken together, and, so taken, they are a full defence to the bill. *Goodrich* v. *Pendleton*, 3 Johns. Ch. 384 ; *Kirby* v. *Taylor*, 6 Johns. Ch. 242 ; 1 Dan. Ch. Pract. 639–641.

The orator, having traversed the answer, cannot now go back of it.

The opinion of the court was delivered by

Ross, J. The bill is for the foreclosure of a mortgage. It states that the defendant Calvin Foster and his then wife executed the mortgage to the orator, January 1, 1856, to secure the payment of certain notes which he had given the orator; that for further security of the same, and to secure a further then existing indebtedness from the defendant to the orator, and also to secure future advances to be thereafter made by the orator to the defendant, the defendant Calvin, March 15, 1862, executed a quit-claim deed of the same premises to the orator; that thereafter further advances were made by the orator to the defendant, and payments were made thereon by the defendant; that in August, 1867, a portion of the quit-claimed premises was sold by the orator for $1,600, and, by agreement and understanding between the orator and defendant, the same was applied in part payment of the indebtedness secured by the mortgage and quit-claim deed; and praying for a foreclosure of the defendant's equity of redemption of the premises. The bill thus sets up a mortgage, which, with nothing further shown, would be barred by the Statute of Limitations; and special matter which, if true, would take it out of the operation of that statute. On being served with this bill, two courses were open to the defendants. They could answer the bill generally and specifically, and in the answer set up and rely upon the Statute of Limitations as a defence, or they could set up the statute as a bar to the action by way of plea. They chose the latter course. The plea simply sets up and relies upon the Statute of Limitations, without negating the special matter contained in the bill. As it admits all the facts in the bill not therein negated, it is insufficient, because thereby the special matters stated in the bill operated to remove the bar to recovery, which the statute would otherwise have furnished. But the defendant claims that, admitting this is so, he can rely upon his answer. But by stating special matter in the bill which operated, if true, to remove the statute bar, the orator had the right to have the defendants negate

the same specifically in an answer verified by their oath, so that he could take issue with them thereon by a traverse and testimony, if he elected so to do. But the only office of such answer is to support the plea wherein it should have negated the special matter contained in the bill, which operated to show that the case was not within the statute bar. The plea, however, by failing to negate this special matter set forth in the bill, admitted the same, so that the denials in the answer could not help to give it the desired effect. Neither are the denials in the answer so specific as are required in this kind of pleading. The court therefore properly adjudged the plea insufficient. The defendants then desired to amend their answer so as to set up and therein rely upon the Statute of Limitations. Having chosen to litigate this question by plea, and having been cast therein, they were not at liberty to litigate the same over again in their answer. The allowance of such a course would lead to endless delay and prolixity in chancery proceedings. It is claimed by the defendants that the orator waived this effect of the adjudication on the plea, by traversing the amended answer, wherein the Statute of Limitations is again relied on, and taking testimony in support of his bill. But, as we have seen, the only office of the answer was to support the plea, (and it is evident it was drawn specially for that purpose,) and the orator had the right to traverse it and take the testimony in support of the special matter contained in the bill, as an answer to the plea. He might defeat the operation of the plea on the facts proven, as well as by the concessions of an insufficient plea. Hence, by traversing the answer and taking testimony in support of his bill, he did not waive the insufficiency of the plea, nor the effect of the adjudication of its insufficiency.

The appeal brings the whole case here for trial *de novo*. On the pleadings the defendants are concluded from further insisting hat the orator's case is barred by the Statute of Limitations, and was only at liberty to set up a new defence by way of a further answer, and not through the answer filed in support of and as a part of his plea. I cite no authorities, as the principles announced are found in all the elementary works on chancery pleadings and practice.

But if this question was open to the defendants on the answer and testimony, unaffected by the adjudication on the plea as insufficient, we think the facts proven remove the case from the operation of the Statute of Limitations; we should find that the quitclaim deed of March 15, 1862, was given and intended for further security, as alleged in the bill, and that the sale of part of the premises in 1867, for $1,600, and the receipt of the same by the orator, operated as a recognition of the existence of the mortgage as a subsisting obligation at the latter date. It may be questionable whether a mortgagor in possession of premises, under a deed absolute on its face, but really a mortgage between the parties, and where there is no law day to run before the title becomes absolute in the mortgagee, can set up that he is holding the mortgaged premises adversely to the mortgagee, until he gives him distinct notice that he claims title to the premises, and is holding them as his own; whether the legal presumption would not be, until such notice was given, that he was holding under and by virtue of an implied license from the mortgagee. But we are not compelled to, and do not, decide this question in this case. The mortgage not being barred by the Statute of Limitations, the question of a right of homestead in the premises attempted to be brought into the case by the answer, becomes immaterial, as the mortgage was executed by both husband and wife, and so conveyed the homestead.

The *pro forma* decree of the Court of Chancery is reversed, and the cause remanded, with a mandate to that court to enter a decree of foreclosure of the premises for the orator, for such a sum as shall be found due the orator on the mortgage security, on a proper accounting before a master.